UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2016 DEC 14 AM 10: 50
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| MATTHEW MCPHERSON,<br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HORSESHOE CLEVELAND<br>MANAGEMENT, LLC D/B/A<br>HORSESHOE CASINO<br>CLEVELAND<br><br>    Defendant.<br>_____<br><br>MICHAEL ALVAREZ,<br>on behalf of himself and all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HORSESHOE CLEVELAND<br>MANAGEMENT, LLC D/B/A<br>HORSESHOE CASINO<br>CLEVELAND<br><br>    Defendant. | Case Nos. 1:14-cv-02475, 1:16-cv-00138<br><br>Judge Solomon Oliver, Jr.<br><br>ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT |

On December 14, 2016, the Court conducted a fairness hearing to consider the Joint Motion for Final Approval of Class Action Settlement (DE 85) filed by

1

the parties in this action. Counsel for both sides appeared at the hearing. Having considered the joint motion, comments of counsel, and supporting legal authority, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1. The Court adopts the defined terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation, and personal jurisdiction over the named plaintiffs, all settlement class members, and defendants.

3. The Court confirms the following settlement class pursuant to Fed. R. Evid. 23, as previously defined in the order granting preliminary approval of the settlement as: all current and former (1) table games supervisors employed by Horseshoe Cleveland Management, LLC d/b/a Horseshoe Casino Cleveland ("HCM") at any time between January 1, 2012 and September 2, 2016, and (2) poker supervisors employed by HCM at any time between January 20, 2013 and September 2, 2016.

4. The Court confirms the appointment of named plaintiffs Matthew McPherson and Michael Alvarez as class representatives.

5. The Court approves the enhancement payments in the amount of $20,000 to named plaintiff Matthew McPherson and $15,000 to named plaintiff Michael Alvarez.

6. The Court confirms the appointment of Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC as class counsel and approves their request for attorney's fees of $300,000 and litigation costs of $16,347.

7. The class notice was distributed to class members, pursuant to this Court's orders, and fully satisfied the requirements of Fed. R. Civ. P. 23 and any other applicable law.

8. Pursuant to Fed. R. Civ. P. 23 and the Fair Labor Standards Act, the Court grants final approval to this settlement and finds that the settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, litigation costs, and service award provisions. The Court further finds that the settlement provides a substantial benefit to all settlement class members, considering the strength of plaintiffs' claims and the risk, expense, complexity, and duration of further litigation. No class members objected to and only one requested exclusion from the settlement. The response of the class supports final settlement approval. The Court also finds that the settlement is the result of arms-length negotiations between experienced counsel representing the interests of their respective clients, after thorough investigation of the claims and defenses asserted. This supports final approval of the settlement in accordance with the standards discussed in the joint motion for final approval of settlement.

9. The Court finds that, as of the date of this Order, each settlement class member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement.

10. The Court directs the parties to effectuate the terms as set forth in the Settlement Agreement and the settlement administrator to calculate and pay the claims of class members in accordance with the terms set forth in the Settlement Agreement.

11. The Complaint is dismissed with prejudice.

12. The Court retains jurisdiction to enforce the terms of the settlement.

IT IS SO ORDERED, this 14TH day of December, 2016.

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT